IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TROY ALLEN PETERSON,

          Plaintiff,

v.

SGT. DERKINS and MRS. BURTINESS,

          Defendants.

OPINION and ORDER

23-cv-674-jdp

---

Plaintiff Troy Allen Peterson, proceeding without counsel, brought claims that when he was incarcerated at Oakhill Correctional Institution, officers failed to protect him from being attacked by his cellmate. Through returned mail and a notice from defendants, the court learned that plaintiff died. *See* Dkt. 20 and Dkt. 21. I directed defendants to serve the proper party with notice of Peterson's death or show cause why they were unable to do so. Dkt. 24.

Defendants report that they were unable to identify Peterson's successor or representative for the purposes of Federal Rule of Civil Procedure 25(a)(1). In particular, defendants explain that they were unable to find an obituary for Peterson, and that neither the warden of the prison that Peterson was housed in before his release nor Peterson's parole agent had any information for Peterson's next of kin.

Typically, the party putting the notice of death on the record must serve the decedent's representative or successor with the notice to trigger the 90-day period during which a motion for substitution may be filed. *See McSwain v. Suliene*, Nos. 09-cv-219-bbc and 09-cv-649-bbc, 2010 WL 148185, at *1 (W.D. Wis. Jan. 11, 2010) (citing *Atkins v. City of Chicago*, 547 F.3d 869, 873–74 (7th Cir. 2008)). But the service requirement is waived when the party filing the notice does not know who the representative or successor is. *Id.*; *see also George v. United States*,

208 F.R.D. 29, 32 (D. Conn. 2001). Despite their diligent search, defendants have been unable to identify Peterson's representative or successor. I conclude that Rule 25's service requirement does not apply, and the 90-day window began in October 2024 at the latest, when defendants put notice of Peterson's death on the record. Dkt. 21. Under Rule 25, when the 90-day period expires, "the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). Because more than 90 days have passed and no motion for substitution has been filed, I will dismiss this lawsuit.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED.
2. The clerk of court is directed to enter judgment accordingly and close the case.
3. Entered April 4, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge